IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN HENRY MISTER,                        :
    Plaintiff,                          :
                                        :
v.                                        :          CIVIL ACTION NO. 26-CV-0819
                                        :
DREW A. MARINO, *et al.*,                  :
    Defendants.                         :

**MEMORANDUM**

**GALLAGHER, J.**                                        **FEBRUARY 19, 2026**

Plaintiff John Henry Mister brings this *pro se* civil action pursuant to 42 U.S.C. § 1983, alleging that his arrest and detention in Montgomery County violated his constitutional rights. Mister seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Mister *in forma pauperis* status and dismiss his Complaint.

## I.    FACTUAL ALLEGATIONS[1]

The allegations in Mister's Complaint are brief. He alleges that on April 11, 2025, he was "arrested by Montgomery County detective Drew A. Marino in pursuant to a felony arrest warrant for docket # CP-46-CR-0002724-2025." (Compl. at 11.) He claims that neither he nor his attorney received a copy of an arrest warrant following his preliminary arraignment in accordance with Pennsylvania's Rules of Criminal Procedure. (*Id.*) He also notes that his criminal docket does not reflect "that an arrest warrant was executed and there is no entry stating that an arrest warrant was returned to the Clerk of Court." (*Id.*) The docket reflects, in accordance with Mister's allegations, that on April 11, 2025, he was arrested, charged with

---

[1] The following allegations are taken from the Complaint, exhibits attached to the Complaint, and public dockets, of which this Court may take judicial notice. (ECF No. 2); *see also Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). The Court adopts the sequential pagination supplied to the Complaint by the CM/ECF docketing system.

twenty-six offenses—many of them felonies—and arraigned before a magisterial district judge, who set bail. *Commonwealth v. Mister*, No. CP-46-CR-0002724-2025 (C.P. Montgomery Cnty.). The charges are currently pending. Mister claims that he "spoke with several other inmates and was told that Montgomery County Detectives were arresting people without warrants and making fake documents to cover up the unlawful arrest." (*Id.*)

In the instant civil action, Mister sued Montgomery County, Pottstown Borough, and Officer Marino, claiming violations of his constitutional rights. Specifically, he contends that Marino "falsely arrested and imprisoned me." (Compl. at 4; *see also id.* at 3.) He also claims to have been denied due process. (*Id.* at 3.) As relief, Mister asks for one million dollars in damages and for "the whole Montgomery County Justice system to be re-trained on warrants and the amendments of the United States Constitution." (*Id.* at 5.)

## II.    STANDARD OF REVIEW

The Court will grant Mister leave to proceed *in forma pauperis* because it appears that he does not have the ability to pre-pay the fees to commence this case.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. This standard requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). At the screening stage, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th

---

[2] However, since Mister is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678; *see also Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) ("A plaintiff cannot survive dismissal just by alleging the conclusion to an ultimate legal issue.").

As Mister is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  The Court will "apply the relevant legal principle even when the complaint has failed to name it."  *Id.* (quoting *Mala*, 704 F.3d at 245).  However, "pro se litigants still must allege sufficient facts in their complaints to support a claim."  *Id.* (quoting *Mala*, 704 F. 3d at 245).  An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants."  *Id.* (quoting *Mala*, 704 F.3d at 245).

## III.    DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).  Mister's Complaint is best construed as alleging violations of his Fourth Amendment based on his arrest and detention.[3]

---

[3] "[T]he Supreme Court has recognized the Fourth Amendment—and not the Due Process Clause of the Fourteenth Amendment—as the appropriate provision of the Constitution under which to analyze allegations of unlawful arrest and pretrial restraint."  *DeLade v. Cargan*, 972 F.3d 207, 211 (3d Cir. 2020) (citations omitted); *see also Manuel v. City of Joliet*, 580 U.S. 357, 367 (2017) ("If the complaint is that a form of legal process resulted in pretrial detention unsupported by probable cause, then the right allegedly infringed lies in the Fourth Amendment.").  Accordingly, there is no basis for a due process claim here.

The Fourth Amendment requires arrests, detentions, and prosecutions to be supported by probable cause. *Harvard v. Cesnalis*, 973 F.3d 190 202-03 (3d Cir. 2020). "Probable cause exists if there is a 'fair probability' that the person committed the crime at issue." *Id.* at 199 (quoting *Wilson v. Russo*, 212 F.3d 781, 789 (3d Cir. 2000)). When an arrest is conducted without a warrant, "the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest." *Gerstein v. Pugh*, 420 U.S. 103, 114 (1975). This determination may occur "either before or promptly after arrest," *id.* at 125, and a probable cause determination conducted within forty-eight hours of arrest will generally satisfy the Fourth Amendment, *County of Riverside v. McLaughlin*, 500 U.S. 44, 56-57 (1991). In other words, "[i]n the ordinary criminal case, arrest and detention of a suspect is reasonable if it is supported by probable cause, as determined by the judge who either issues an arrest warrant or conducts a preliminary hearing." *Schneyder v. Smith*, 653 F.3d 313, 322 (3d Cir. 2011) (citing *Gerstein*, 420 U.S. at 111-14).

Mister does not allege that his arrest, detention, and prosecution were unsupported by probable cause. Instead, the sole basis for his Complaint is that his arrest and detention were unlawful because he was not arrested pursuant to a warrant and/or because he was arrested pursuant to a warrant but did not receive a copy of the warrant in connection with his criminal discovery. In Pennsylvania, criminal proceedings are instituted by filing a written complaint or, relevant here, by an arrest without a warrant "upon probable cause when the offense is a felony." Pa. R. Crim. P. 502. "[W]hen a defendant has been arrested without a warrant in a court case, a complaint shall be filed against the defendant and the defendant shall be afforded a preliminary arraignment by the proper issuing authority without unnecessary delay." Pa. R. Crim. P. Rule 519. "At the preliminary arraignment, a neutral magistrate 'makes a determination of probable

4

cause.'" *Stewart v. Abraham*, 275 F.3d 220, 223 (3d Cir. 2001) (quoting Pa. R. Crim. P. 540(C)).

Mister's allegations and the docket for his criminal case reflect that, whether or not he was arrested pursuant to a warrant, he was arrested on felony charges and on the same day, charged in a criminal complaint and arraigned in court before a magisterial district judge, who also set bail. *Mister*, No. CP-46-CR-0002724-2025. "The Pennsylvania law requiring probable cause for arrests and a preliminary arraignment within 48 hours satisfies all that the Fourth Amendment requires." *Stewart*, 275 F.3d at 228-29 (3d Cir. 2001) (citing *Commonwealth v. Abdul-Salaam*, 678 A.2d 342, 347-48 n.10 (Pa. 1996)). Accordingly, there is no basis for concluding that a Fourth Amendment violation occurred here.[4]

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Mister leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim based on his arrest and initial detention. The Court concludes that Mister cannot cure the defects in his claims because they are predicated on a misunderstanding of Fourth Amendment law, so he will not be afforded an opportunity to amend.

An appropriate Order follows, which dismisses this case.

**BY THE COURT:**

*/s/ John M. Gallagher*
**JOHN M. GALLAGHER, J.**

---

[4] Even assuming the existence of a technical violation of Pennsylvania's procedural rules, a violation of a state rule cannot form the basis of a § 1983 claim. Further, since Mister has not alleged a plausible constitutional violation, there is also no basis for municipal liability based on any alleged custom. *See Mulholland v. Gov't Cnty. of Berks*, 706 F.3d 227, 238 n.15 (3d Cir. 2013) ("It is well-settled that, if there is no violation in the first place, there can be no derivative municipal claim." (citations omitted).